UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSOUTH SPRINKLER COMPANY,

    Plaintiff,

v.                                                Case No. 8:23-cv-2987-SDM-NHA

AEROVANTI, INC., *et al.*,

    Defendants.
_____/

## ORDER

The Court grants Plaintiff's motions for entry of Clerk's default against Defendants Aerovanti, Inc., Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, Aerovanti Maintenance, LLC, and Tombstone Holdings, LLC (Docs. 14, 15, 16, 17, 18, 19).

### I.    Background

On December 29, 2023, Plaintiff filed this action against Defendants Aerovanti, Inc.; Aerovanti Aviation, LLC; Aerovanti Aircraft, LLC; Aerovanti Capital, LLC; Aerovanti Maintenance, LLC; Aerovanti Hangar, LLC (Maryland); Aerovanti Hangar, LLC (Florida); Aerovanti Brokerage, Inc.; Tombstone Holdings, LLC; Benjamin Ricketts; and Patrick Torman Britton-Harr, alleging that Defendants undertook a scheme in which they marketed

and sold private aviation memberships to individuals and businesses, including Plaintiff, based on false representations. Compl. (Doc. 1).

On April 5, 2024, Plaintiff moved for entry of Clerk's default against six Defendants, alleging it served each of these Defendants and each failed to answer or otherwise respond to the Complaint. Docs. 14, 15, 16, 17, 18, 19. Before considering the motions for Clerk's default, the Court ordered Plaintiff to file or on before April 24, 2024, an affidavit identifying (1) all members of each Defendant limited liability company, and each member's domicile, and (2) the domiciles of Defendants Ricketts and Britton-Harr, so that the Court could determine whether it has subject-matter jurisdiction over this matter. Doc. 20. On April 25, 2024, Plaintiff filed an affidavit, detailing the citizenship of each Defendant and demonstrating that this Court has diversity jurisdiction over this matter. Doc. 21. Now, the Court considers Plaintiff's motions for Clerk's default.

**II.   Applicable Law**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*,

526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations, and also applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

### III. Discussion

Five of the six Defendants against whom Plaintiff seeks a Clerk's default—Aerovanti, Inc., Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, and Aerovanti Maintenance, LLC—share a registered agent: The Corporation Trust Company. The returns of service for these Defendants indicate that The Corporation Trust Company is their registered agent, *see* Docs. 9, 10, 11, 12, and 13, and the Records of the Delaware Department of State, Division of Corporations, confirm it, *see* Doc. 14-1, 15-1, 16-1, 17-1, 18-1. The returns of service demonstrate that Plaintiff served each of these five Defendants on March 1, 2024, by serving the summons and

complaint on The Corporation Trust Company. *See* Docs. 9, 10, 11, 12, and 13. By serving their registered agent, Plaintiff served Aerovanti, Inc., Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, and Aerovanti Maintenance, LLC in accordance with Federal Rule of Civil Procedure 4.

As to Defendant Tombstone Holdings, LLC, the return of service demonstrates that Plaintiff served Defendant Tombstone Holdings, LLC on March 1, 2024, by serving a copy of the summons and complaint on Corporation Service Company. Doc. 8. The return of service indicates that Corporation Service Company is the registered agent of Defendant Tombstone Holdings, LLC. *Id.* Records of the Delaware Department of State, Division of Corporations, confirm Corporation Service Company is the registered agent of Defendant Tombstone Holdings, LLC. Doc. 18-1. By serving its registered agent, Plaintiff served Defendant Tombstone Holdings, LLC in accordance with Federal Rule of Civil Procedure 4.

Defendants Aerovanti, Inc., Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, Aerovanti Maintenance, LLC, and Tombstone Holdings, LLC had until March 22, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond to the complaint. FED. R. CIV. P. 12(a)(1)(A). These Defendants have not answered Plaintiff's complaint or otherwise demonstrated an intent to defend themselves

in this action, and the time to do so has expired. Pursuant to Local Rule 1.10(b), Plaintiff had until April 19, 2024, to move for Clerk's default, and Plaintiff timely did so on April 5, 2024 (Docs. 14, 15, 16, 17, 18, 19).

### IV.  Conclusion

Accordingly:

1. Plaintiff's motions for Clerk's default (Docs. 14, 15, 16, 17, 18, 19) are GRANTED.

2. The Clerk is DIRECTED to enter default against Defendants Aerovanti, Inc., Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, Aerovanti Maintenance, LLC, and Tombstone Holdings, LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on April 30, 2024.

_NATALIE HIRT ADAMS_
United States Magistrate Judge